### HUDGENS v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

No. 14897.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 2, 1948.

Rehearing Denied Jan. 23, 1948.

448

E. W. Napier, of Wichita Falls, for appellant.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellee.

HALL, Justice.

This suit was instituted in a District Court of Wichita County, Texas, by appellant, Mattie Hudgens, of Wichita Falls, against appellee, Mutual Benefit Health & Accident Association, for benefits claimed to be due her under two health and accident policies issued to her late husband, who died from a natural cause on the 13th day of November, 1945.

The case was tried before the court and judgment was rendered in favor of appellant in the sum of $184.75, together with interest thereon from November 30, 1945 until paid at the rate of six per cent per annum, which amount the court found to be due her under the provision of the policies as illness indemnity, such as hospital bills, etc.

The appellant having sued for the return of premiums plus four per cent compound interest, as provided for in the clause of the policies hereinafter quoted, for which amount the court rendered judgment against appellant on such contention, and she being dissatisfied with such ruling has perfected this appeal.

The only point upon which this appeal is predicated is based upon the theory that the court erred in holding that the following clause of the policies, which provides for the return of premiums in the event of death, was only applicable in the event that the death resulted from accident:

"Return of Premiums—In event of the death of the Insured under the provisions of this policy, providing this policy has been in force for one year, the Company agrees to pay in addition to the amount otherwise payable, an amount equal to all the premiums paid by the Insured on this policy, plus compound interest at the rate of 4% per annum from the date of the payment of each of said premiums to the date of loss of life of the Insured."

It is appellant's contention that since the above quoted portion of the policy appears under the heading "Illness Indemnities" and it does not appear under the heading "Accident Indemnities" that she should be entitled to recover the premiums which her husband had paid on these policies, with interest thereon as provided by said policies up to the date of the death of her husband in the sum of $1,363.34.

Appellee's contention is to the effect that since the policies sued on were not life insurance contracts and since they do not provide for benefits in case of death from illness, that the term "in the event of the death of the insured under the provisions of this policy" the Company would pay "in addition to the amount otherwise payable" premiums paid with interest to the date of "loss of life of the insured" should be construed as a promise to return premiums only in the event of death from an accident and that the Company would not be liable for such return premiums in case of death from natural causes.

In order to ascertain the true meaning of the return premium clause above quoted, it will be necessary to construe the policies as a whole, and after careful consideration we find that the return premium clause could only refer to accident indemnity because under the accident indemnity clause is the only place in the policies that provides for benefits in case of death and since the assured died of natural causes the return premium clause would not apply.

The judgment of the trial court is affirmed.